# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20454
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELINO VALENCIA-DOMINGUEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-35-1

———————————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Marcelino Valencia-Dominguez challenges his below-Guidelines 54-months' imprisonment sentence (with two years' supervised release), imposed following his conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) (criminalizing illegal reentry), (b)(2) (setting penalty for alien removed following commission of aggravated felony). He asserts the district

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court erred by classifying his prior Texas aggravated robbery offenses as crimes of violence under Guideline § 4B1.2(a). His contention fails.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Valencia asserts Guideline § 4B1.2(a) is a categorical mismatch with Texas aggravated robbery because Texas robbery includes "conduct that occurs . . . in immediate flight after the attempt or commission of theft". TEX. PENAL CODE § 29.01(1) (defining "[i]n the course of committing theft" for purposes of robbery). This contention is foreclosed by our court's recent decision in *United States v. Wickware*, 143 F.4th 670, 674–75 (5th Cir. 2025) (holding "the elements of robbery under § 29.02"—which incorporate "[i]n the course of committing theft" as defined under § 29.01(1)— "are the same or narrower than those of the Guidelines' generic robbery offense").

Valencia also contends—for the first time in his reply brief—that robbery under Guideline § 4B1.2(a) is a categorical mismatch with § 29.02(a) because § 4B1.2(a) excludes reckless conduct. Although he raised this contention in response to the Government's asserting Texas robbery is not a categorical mismatch, he fails to show why he should be allowed to raise his contention for the first time in his reply brief. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) (holding "court has the discretion to

address [an] issue [raised by Appellant for first time in reply brief in response to Appellee's brief]".); *e.g.*, *Wickware*, 143 F.4th at 675 n.2.  Accordingly, he waived his contention by failing to raise it in his opening brief.  *E.g.*, *United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022).

AFFIRMED.